UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUANOTHO KYLES,

        Petitioner,

                                          CASE NO. 2:15-CV-12696
v.                                        HONORABLE NANCY G. EDMUNDS

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS**

      Federal prisoner Quanotho Kyles ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his federal criminal sentence. Having reviewed the matter, the Court finds that Petitioner has improperly brought this action under § 2241 and his petition must be dismissed.

I.

      Pursuant to an agreement with the government, Petitioner pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and a sentencing enhancement for being an armed career criminal under 18 U.S.C. § 924(e) in the United States District Court for the Southern District of Illinois. His plea arose from an incident in which his four-year-old son found a rifle in their home and shot his two-year-old brother. Petitioner admitted to police that he possessed the rifle. He was sentenced to the mandatory minimum of 15 years imprisonment in 2009.

In 2011, Petitioner filed a motion to vacate sentence with the trial court pursuant to 28 U.S.C. § 2255 asserting that his prior Illinois state convictions, which were used to support his armed career criminal designation, were insufficient to do so because he completed those sentences and had his rights restored. The trial court denied the motion finding that it was untimely, barred by his plea agreement, and could have been raised during the trial/plea proceedings. *Kyles v. United States of America*, No. 12-CV-0102-MJR (S.D. Ill. Sept. 10, 2014).

In his current habeas pleadings, Petitioner challenges his mandatory minimum sentence and asserts that he is entitled to re-sentencing based upon the United States Supreme Court's decision in *Alleyne v. United States*, _ U.S. _, 133 S. Ct. 2151 (2013) (ruling that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be admitted by the defendant or submitted to the jury to comply with the Sixth Amendment).

II.

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal prisoner's claims that his convictions and/or sentences were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Petitioner contends that he may nonetheless challenge his sentence under § 2241

based upon the "Savings Clause" of § 2255 which allows a federal prisoner to seek habeas relief under § 2241 if the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his or her detention. 18 U.S.C. § 2255(e); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 756. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756.

Petitioner fails to show that § 2255 is inadequate or ineffective. While he has previously filed a motion to vacate his sentence under § 2255, that provision allows a defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances. The possibility that Petitioner may not be able to satisfy the statute of limitations or other procedural requirements of § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result

would make Congress's AEDPA amendment of § 2255 a meaningless gesture."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Because Petitioner fails to establish that his remedy under § 2255 is inadequate or ineffective, his § 2241 habeas petition must be dismissed. *See Gelinas v. Terris*, No. 14-CV-10888, 2014 WL 902687 (E.D. Mich. March 7, 2014) (dismissing § 2241 petition raising *Alleyne* claim because the petitioner had not shown that § 2255 was inadequate or ineffective or that he was actually innocent); *Wells v. Snyder-Morris*, No. 15-CV-17-HRW, 2015 WL 2356692, *5-8 (E.D. Ky. May 15, 2015) (same); *Woods v. Coakley.* No. 4:13-CV-1388, 2013 WL 3818163, *2-4 (N.D. Ohio July 22, 2013) (same); *accord Alsop v. Chandler*, 2014 WL 68913 (5th Cir. Jan. 9, 2014) (affirming dismissal of § 2241 petition raising *Alleyne* claim); *Jackman v. Shartle*, 535 App'x 87 (3d Cir. Aug. 20, 2013) (affirming dismissal of § 2241 petition raising several challenges to conviction and *Alleyne* issue); *Osborne v. Ebbert*, No. 3:CV-10-2079, 2010 WL 5111430, *2-3 (M.D. Pa. Dec. 9, 2010) (dismissing § 2241 petition and noting that sentencing claims are uniquely within the purview of the sentencing judge).

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when a petitioner states a facially valid claim for actual innocence. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see*

*also Martin*, 319 F.3d at 894. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Petitioner makes no such showing. Any claim that he is "actually innocent" of a sentencing enhancement is insufficient to allow him to proceed under § 2241. The Sixth Circuit has not extended the actual innocence exception to petitioners challenging only their sentence. *Peterman*, 249 F.3d at 462; *see also Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (citing *Peterman*); *Woods*, 2013 WL 3818163 at *4-5; *Ross v. Zuercher*, No. 09-CV-152-ART, 2010 WL 568528, *2 (E.D. Ky. Feb. 12, 2010) (dismissing § 2241 petition raising sentencing challenge); *accord Sorrell v. Bledsoe*, No. 10-1649, 2011 WL 2728287, *2 (3d Cir. July 14, 2011) (dismissing § 2241 petition seeking sentencing relief under Supreme Court law). This Court is bound by Sixth Circuit precedent.[1]

Furthermore, Petitioner's claim that he is actually innocent or otherwise entitled to relief from his sentence based upon *Alleyne* lacks merit. The Supreme Court did not make *Alleyne* retroactively applicable to cases on collateral review, and the Sixth Circuit has recently held that *Alleyne* is not retroactively applicable to cases on collateral review. *In re Mazzio*, No. 13-2350, _ F.3d _, 2014 WL 2853722, *2-3 (6th Cir. June 24, 2014).[2] This

---

[1] Petitioner seems to argue that the Solicitor General's argument and the Supreme Court's remand in *Persaud v. United States*, _, U.S. _, 134 S. Ct. 1023 (2014), undermine Sixth Circuit precedent and allow him to proceed under § 2241. This argument lacks merit because this Court is bound by Sixth Circuit law, not government arguments, and the Supreme Court's grant of certiorari and remand order do not constitute final decisions or binding precedent. *See King v. Terris*, No. 14-CV-14627, 2015 WL 3888163, *5-7 (E.D. Mich. June 24, 2015) (discussing *Persaud* in detail and rejecting same argument in dismissing § 2241 petition which relied upon *Alleyne* to challenge federal sentence).

[2] The Sixth Circuit joins several other federal circuit courts in so ruling. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Harris*,

Court is bound by the Sixth Circuit's decision in *Mazzio*. Additionally, even if *Alleyne* were retroactively applicable to cases on collateral review, that decision does not warrant relief in this case. Under *Alleyne*, any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be admitted by the defendant or submitted to the jury to comply with the Sixth Amendment. *Alleyne*, 133 S. Ct. at 2158. *Alleyne*, however, does not require that prior convictions, like those used to enhance Petitioner's sentence, be admitted by the defendant or submitted to a jury and found beyond a reasonable doubt. *See United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014). Moreover, Petitioner stipulated to the convictions which provided the basis for his armed career criminal sentencing enhancement and resulted in his mandatory minimum sentence. Thus, he cannot establish his actual innocence of the sentencing enhancement (and no Sixth Amendment violation occurred).

Petitioner fails to show that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. Consequently, he is not entitled to habeas relief from his criminal sentence under 28 U.S.C. § 2241. The Court cannot sua sponte construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 (and transfer the case to the appropriate federal court). *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). The Court shall therefore dismiss the petition.

III.

---

741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); *United States v. Stewart*, 540 F. App'x 171, 172 (4th Cir. 2013) (per curiam) (unpublished); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal criminal sentence and he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective or that he is actually innocent of the offense (or the sentencing enhancement). He has improperly brought this action under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus. This dismissal is without prejudice to any relief that Petitioner may seek in the United States District Court for the Southern District of Illinois or the United States Court of Appeals for the Seventh Circuit.

Lastly, a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED*.*

 s/ Nancy G. Edmunds
 NANCY G. EDMUNDS
 UNITED STATES DISTRICT JUDGE

Dated: August 20, 2015